**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| INTERFAITH HOUSING CENTER OF THE NORTHERN SUBURBS, | ) ) ) | Case No. 11 cv 1146 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| BARRY BERNSEN, BARBARA BERNSEN and BERNSEN MANAGEMENT, INC., | ) ) ) | Jury Trial Requested |
| Defendants. | ) ) | |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**

NOW COMES THE PLAINTIFF, Interfaith Housing Center of the Northern Suburbs ("Interfaith"), by its attorneys, Kinoy, Taren and Geraghty P.C., and hereby complains against defendants as follows:

### I.   INTRODUCTION

1.   This action is brought pursuant to the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601 *et. seq*., against the owner and manager of a multi-unit apartment complex located in Evanston, Illinois. The action is brought to enjoin the defendants from continuing to discriminate against families with children by refusing to rent their multi-bedroom apartments to families with children and to enjoin defendants from expressing a preference or limitation based upon familial status.

Plaintiffs are seeking injunctive relief and actual and punitive damages against defendants.

## II. JURISDICTION

2. This Court has jurisdiction over the subject matter of this case pursuant to 42 U.S.C. § 3612 and 28 U.S.C. §1331 and 1343. Venue is proper in the Northern of District of Illinois since all of the defendants reside within the boundaries thereof and the action arose in the District.

## III. PARTIES

### A. Plaintiff

3. Plaintiff Interfaith Housing Center (hereinafter referred to as "Interfaith") is an Illinois Not-For-Profit Corporation with its principal place of business located in Winnetka, Illinois. Interfaith, founded in 1972, is dedicated to housing justice by advancing open, inclusive, and diverse communities throughout Chicago's northern suburbs. As the area's premier voice for fair and affordable housing, Interfaith educates, advocates, and organizes to uphold these values. One of its major goals is the elimination of unlawful discriminatory housing practices. In support of its efforts to promote equal opportunity in housing, Interfaith engages in activities to identify barriers to fair housing within Illinois, to counteract and eliminate discriminatory housing practices, and to protect the rights of its clients and potential clients to enjoy the benefits of living in an integrated community. In addition, Interfaith engages in housing counseling and referral services for its clients.

### B. DEFENDANTS

4. Defendants Barry Bernsen, Barbara Bernsen and Bernsen Management, Inc. are the owners and managers of the multi-unit apartment building located at 1905 Sherman St., Evanston, Illinois. As such, they are responsible for the ownership, management and operation

of the residential multi-family property at that location. Bernsen Management, Inc. is an Illinois corporation with its principle place of business in Chicago, Illinois. Upon information and belief, Barry Bernsen and Barbara Bernsen are citizens of Illinois and reside within the Northern District of Illinois, Eastern Division.

### IV.    FACTUAL ALLEGATIONS

5.     In or about March of 2010, Interfaith received a complaint from a resident of 1905 Sherman St., Evanston, Illinois, alleging that the owner and manager refused to allow the rental or sublease of units in the building to anyone who was not a student at Northwestern University. Interfaith commenced an investigation to determine whether the defendants were engaging in discriminatory housing practices based upon familial status. Interfaith thereafter employed testers to contact the defendants and to attempt to view an available apartment at the Sherman Street building.

6.     Interfaith's investigation was designed to determine whether the defendants' rental policy preferred Northwestern students or just Northwestern students or others without children.

7.     On January 8, 2011, Interfaith caused a tester to contact Bernsen Management Company and make inquiry about an available 3-bedroom apartment. The tester, who represented that she was a Northwestern student looking for an apartment for herself and two roommates, was shown two available apartments by Barbara Bernsen. The tester was told that it was a nice building and that the building was usually "pretty quiet."

8.     On or about January 9, 2011, Interfaith caused a second tester to contact Bernsen Management. Tester #2 spoke with a person who identified himself as Barry Bernsen. Mr.

Bernsen asked Tester #2 if she was a student at Northwestern and she told him that her husband was starting at Northwestern in the fall. Bernsen informed Tester #2 that the building was not suitable for families. He further stated that if she had a family she would be unhappy there.

    9.    On January 11, 2011, a third tester, representing that he was the spouse of Tester #2, contacted Bernsen Management and spoke with Barry Bernsen. Tester #3 told Bernsen that he was interested in the three-bedroom apartment for rent on Sherman Avenue in Evanston. Bernsen immediately asked if Tester #3 was a student and was told by the tester that he would be attending Northwestern in the fall. When the Tester attempted to schedule an appointment, Bernsen asked if the tester had a family and was told yes. Tester #3 told Bernsen that he had a five-year old daughter. Bernsen then told Tester #3 that he didn't think he would be happy with the apartment. He said it was designed for students, not for families.

    10.    In addition to the above, defendants utilize a Lease Addendum that unlawfully restricts the sublease of units to "**no more than -3 students—and they must be students at N.U**." (emphasis in original). This restriction expresses an unlawful preference based upon familial status and has the intent and/or effect of discriminating against families with children.

    11.    Interfaith has expended considerable staff time and expenses related to the discriminatory housing practices of defendants.

    12.    Plaintiff Interfaith has been damaged as a result of the above discriminatory acts of defendant in that:

    a.    Interfaith's time and money has been deflected away from its activities unrelated to fair housing enforcement, to investigate the discriminatory practices of the defendants and to assist in legal efforts directed against

        defendants' discriminatory conduct.

    b.    Interfaith's clients and potential clients have been deprived of the opportunity to rent housing and enjoy the benefits of living in integrated housing from defendants because of their familial status.

13.    All of the actions of defendants complained of herein, were done willfully, maliciously and/or with reckless disregard for the rights of plaintiffs.

## FIRST CLAIM FOR RELIEF

14.    The policy of the defendants in refusing to rent their apartments to a family with a child, even if a family member was a Northwestern student, was implemented with the intent to discriminate against persons based upon their familial status in violation of the Federal Fair Housing Act as amended, 42 U.S.C. § 3601 et. seq.

## SECOND CLAIM FOR RELIEF

15.    The policy of the defendants in limiting the rental and sublease of their 3-bedroom apartments to no more than three Northwestern students, has an unlawful, discriminatory affect with regard to families with children, depriving those families of the opportunity to rent an available apartment based upon their familial status.

## THIRD CLAIM FOR RELIEF

16.    The statements of the defendants, that the building was not suitable for families and that the apartments were designed for students not families, and that a tenant with a child would not be happy renting an apartment in the building, and that subtenants "must be students at N.U." express a discriminatory preference or limitation in violation of 42 S.C. § 3604(c). See e.g. *White v. U.S. Department of Housing & Urban Development,* 475 F.3d 898 (7th Cir. 2007)

WHEREFORE, plaintiffs respectfully request as follows:

a. That, after jury trial, this Court grant the plaintiff temporary, preliminary and permanent injunctive relief enjoining defendants from continuing to discriminate against persons on the basis of their familial status in violation of the Act.

b. That this Court grant the plaintiff remedial relief to remedy the past effects of defendants' discriminatory practices.

c. That in addition to injunctive relief, this Court award the Interfaith Housing Center actual damages as a result of defendants' conduct.

d. That in addition to injunctive relief, this Court award the Interfaith Housing Center punitive damages as a result of defendants' willful, malicious and reckless conduct.

e. That this court award plaintiff its reasonable attorney's fees and costs.

f. That this Court grant such other relief as it deems appropriate.

Respectfully submitted,

**/s Jeffrey L. Taren**

Attorney for Plaintiffs
Jeffrey L. Taren
Miriam N. Geraghty
Kinoy, Taren & Geraghty P.C.
224 South Michigan, Room 300
Chicago, Illinois 60604
Phone: (312) 663-5210
Fax: (312) 663-6663